## COURT OF COMMON PLEAS
## DELAWARE COUNTY, OHIO

| | | |
|---|---|---|
| **ANTOINETTE EVANS** | : | **21-CVH-100472** |
| A Resident of Delaware County, Ohio | | CASE NO. _____ |
| 2517 BEAN OLLER ROAD | : | |
| DELAWARE, OH 43015 Plaintiff, | | JUDGE **JAMES P. SCHUCK** |
| | : | _____ |
| vs. | : | |
| | | **COMPLAINT FOR MONEY DAMAGES** |
| **JENNIFER ICEMAN**, individually | : | **AND INJUNCTIVE RELIEF** |
| Office of Human Resources | | |
| Olentangy Local School District | : | |
| 7840 Graphics Way | | **JURY DEMAND ENDORSED HEREON** |
| Lewis Center, Ohio 43035 | : | |
| | | |
| **MICHAEL STARNER**, individually | : | |
| Principal of Liberty High School | | |
| 3584 Home Road | : | |
| Powell, Ohio 43065 | | |
| | : | |
| **JAMES KIM**, individually | | |
| Assistant Principal of Liberty High School | : | |
| 3584 Home Road | | |
| Powell, Ohio 43065 | : | |
| | | |
| **JOHN DOES ONE THROUGH FIVE** | : | |
| Identities and Addresses Unknown | | |
| | | |
| **JANE DOES ONE THROUGH FIVE** | : | |
| Identities and Addresses Unknown | | |
| | | |
| **Defendants** | : | |

2021 OCT -7 PM 1: 25
CLERK OF COURTS
DELAWARE COUNTY, OHIO
COMMON PLEAS COURT
FILED

## INTRODUCTION

1.1 This civil action is brought by Plaintiff Antoinette Evans under 42 U.S.C. §1983 and the common law of Ohio against three administrators of the Olentangy Local School District (OLSD). Evans claims violations of her rights to free speech, due process and equal protection of the law under the First and Fourteenth Amendments to the United States Constitution, as well as claims under the Ohio Constitution and Ohio tort law.

1.2 This action arose because Evans, a study hall monitor at Liberty High School for 13 years, (i) expressed a perfectly legitimate observation to a student relating to the Covid-19 pandemic, and (ii) was forced to resign under great duress and the threat of termination by school administrators, who fabricated from Evans' innocent words bizarre accusations of bigotry, micro-aggressions against students, and unprofessional conduct, (iii) all because the administrators disapproved of the content and viewpoint of Evans' speech.

## JURISDICTION AND VENUE

2.1 Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3).

2.2 Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because one or more of the Defendants resides in this judicial district and all of the acts and omissions giving rise to Plaintiff's claims arose in this judicial district.

2

## PARTIES

3.1 **Plaintiff Antoinette Evans** is a resident of Delaware County, Ohio and a citizen of the United States of America. Evans is a devout Christian who has a patriotic love for the United States of American. Evans also has a genuine love for the students and families that she served during her nearly 25 years working for the Olentangy Local School District, the last 18 of which were spent as a study hall monitor at Liberty High School.

3.2 **Defendant Jennifer Iceman** is the Assistant Director for Classified Employees for the OLSD, Office of Human Resources. Defendant Iceman is being sued in her individual capacity.

3.3 **Defendant Michael Starner** is the Principal of Liberty High School, which is governed and operated by OLSD Board of Education. Defendant Starner is being sued in his individual capacity.

3.4 **Defendant James Kim** is the Assistant Principal of Liberty High School, which is governed and operated by the OLSD Board of Education. Defendant Kim is being sued in his individual capacity.

3.5 **Defendants John Does One Through Five** are male individuals or entities whose identities and addresses are yet unknown to Plaintiff, but who are believed to have encouraged, participated in, or ratified the constitutional and other violations alleged herein.

3.6 **Defendants Jane Does One Through Five** are female individuals or entities whose identities and addresses are yet unknown to Plaintiff, but who are

3

believed to have encouraged, participated in, or ratified the constitutional and other violations alleged herein.

## OPERATIVE FACTS

4.1     Plaintiff hereby restates and incorporates by reference the allegations set forth in Paragraphs 1.1 through 3.6 above, and further states the following.

### Evans' School Responsibilities and Daily Interactions with Students

4.2     From 2008 through April 7, 2021, Plaintiff Antoinette ("Toni") Evans worked as a study hall monitor at Liberty High School, a co-educational high school with an enrollment of approximately 2,000 students operated within the OLSD in Delaware County, Ohio. Evans was also the school's Philosophy Club advisor dating back to 2011-12. In 2021, Evans was a self-supporting 68-year old woman holding an Aide Certificate from the Ohio Department of Education.

4.3     During her years as study hall monitor, Evans had daily contact and daily conversations with the students she monitored, some of which Evans initiated and some of which were initiated by students.

4.4     The topics of discussions between Evans and the students touched on many areas of life both inside and outside of high school, including extracurricular activities, sports, college aspirations, current events, elections, presidential politics, religion, diversity and family life. Regardless of the student or the topic, Evans strived to have only age appropriate discussions with students while respecting the opinions of the students and the privacy of students and their families.

4

4.5   Evans viewed and treated every student respectfully and equally, regardless of race, religion, nationality, ethnicity, sex, or perceived sexual orientation. Anyone who dares to suggest that Evans ever harbored or exhibited "racism" or "bigotry" toward any student is a liar, or does not know what those words mean.

4.6   During the 2020-21 Academic year, issues relating to the Covid-19 pandemic and its many effects on society and school life were regularly discussed in Liberty High School.

### Evans' Comments Linking the Coronavirus and Profits to Communist China

4.7   On April 7, 2021, while cleaning the classroom during first period, Evans made an observation (in the form of a question) to a student, the gist of which was: "Can you believe that the coronavirus came from China and that China is making money from sales of PPE to the United States?"

4.8   The topic of Communist China's role in the production and/or spreading of the coronavirus (COVID-19) was, at the time, in the mainstream of political and public discourse in the United States and was a perfectly reasonable observation about the role and conduct of Communist China. Indeed, the two assumptions in Evans' question, that Communist China was both responsible for spreading Covid-19 and profiting from the sale of PPE equipment, were and are unquestionably true.

### The Pre-Disciplinary Investigatory Meeting of Evans' Protected Speech

4.9   On April 7, 2021, by around 5:00 p.m., Defendant Starner had left a voice message for Evans instructing her not to return to school the next day or until after an investigation was conducted.

4.10  On April 14, 2021, the school administration held what it calls a "pre-disciplinary investigatory meeting." Defendants Iceman, Starner and Kim attended the meeting along with an attorney for the school district. Evans attended the meeting accompanied by her friend Gary Yashko, a real estate attorney.

4.11  Having no significant background in litigation, school law, or employment law, Mr. Yashko appeared at the meeting to support Evans and to learn more about the controversy that led to the meeting. With so little information disclosed to Evans prior to the meeting, Mr. Yashko stated to the Defendants that "we are coming into this blind."

4.12  The meeting was a surreal experience for Evans, called as it was on short notice and with no advance notice of the specific accusations against her. Defendants did not provide Evans with a copy of any complaint about her conduct and did not disclose the identity of the alleged victim(s).

4.13  Defendant Iceman directed the agenda at the meeting and did all of the speaking for the administration. Defendants Starner and Kim were silent throughout the meeting. Iceman revealed that the controversy related to Evans' April 7 comment to a student about Communist China and Covid-19, and the possibility that it may have been overheard by an Asian student. Iceman characterized Evans' comment as constituting racism and bigotry. The attorney for OLSD stated that Evans' comment was a "micro-aggression" that was offensive even if true. The attorney analogized it to saying that "all fat people are lazy," which could be offensive to fat people even if it was true.

6

Iceman also told Evans that she was "not diversity trainable," which was likely an unwitting compliment.

4.14 Defendant Iceman was aggressive and without mercy in her condemnation of Evans' alleged misconduct (i.e., protected speech), and was so threatening and dominant throughout the meeting that Evans was made to believe that her entire life and livelihood were on the line. In Yashko's judgment, Evans was too emotionally upset to effectively participate in the meeting. After a meeting that lasted no more than 45 minutes, Iceman, Starner, Kim and the OLSD attorney withdrew for a private discussion and later emerged to announce that no decision would be made that night.

4.15 After the meeting, Evans was so distressed and disoriented by what occurred that she was non-functional. She could not think clearly and still has only a vague recollection of the meeting. Mr. Yashko doubted that Evans was capable of driving herself home and made Evans promise not to drive from the parking lot until she had time to compose herself. Before Yashko departed, Evans instructed him to request that Iceman deliver the OLSD decision directly to Yashko, not to Evans.

4.16 On April 15, 2021, the OLSD attorney called Mr. Yashko to inform him that OLSD was going to dismiss Evans from her position at Liberty High School. The attorney conveyed to Yashko an option for Evans to resign her position instead. Yashko drove to Evans' house shortly thereafter to give her the news in person, fearing that Evans would have a break down if he delivered it by phone.

7

4.17 Under great distress and fearing that a termination by OLSD would make her unemployable in any other Ohio school district, Evans soon tendered her resignation, which the OLSD Board of Education accepted on April 22, 2021.

4.18 In spite of her resignation, Defendants then reported Evans to the Ohio Department of Education's Office of Professional Conduct for "conduct unbecoming the teaching profession," thereby preventing Evans from obtaining employment with other Ohio school districts up to the present time.

4.19 Evans' emotional distress was caused by the conduct of the Defendants and began with her suspension on April 7, 2021, escalated through and beyond the April 14 meeting, continues to the present time. Evans' emotional distress has been extreme and has included daily crying, sleeplessness, fear, anxiety, depression, humiliation, embarrassment, loss of reputation, loss of enjoyment of life, and Bruxism. Evans has remained under the care of a doctor for anxiety medications and under the care of a dentist for Bruxism.

4.20 In the months that followed, Evans never stopped reflecting on, and feeling distress from, her termination meeting and the unjust treatment inflicted by Iceman and the other Defendants. Nor did Evans ever stop regretting her resignation or her feeling of loss from being separated from her employment at Liberty High School and from the students she loved so much.

4.21 In June 2021, Evans began to seek legal counsel about her rights and engaged counsel by late July. On August 14, 2021, Evans' attorney sent a letter to Mr.

8

Mark Raiff, Superintendent of OLSD, demanding Evans' reinstatement by Labor Day. All members of the OLSD Board of Education were copied with that letter.

4.22 On September 3, 2021, the OLSD attorney responded to Evans' attorney with a letter indicating that Evans would not be reinstated.

### The Marxist/Communist Ideologies Promoted at Liberty High School

4.23 Both prior to and after Evans' forced resignation, Liberty High School has been a continuous platform for the promotion of leftist/Marxist/Communist ideologies, including the promotion of Black Lives Matter[1], Critical Race Theory, White Privilege, Gay Pride, and Transgenderism.

4.24 Meanwhile, the values and ideologies of people like Evans, meaning Judeo-Christian values and an appreciation of Western Civilization, are suppressed, mocked, or even punished.

### General Allegations of Defendants' Liability

4.25 Evans' resignation in April 2021 was a compelled resignation and constituted a constructive termination. Aside from Evans' protected speech, Defendants had no lawful basis to seek or force Evans' resignation, no grounds to discipline her, and no grounds to terminate her employment.

4.26 The conduct of Defendants was motivated by a desire to punish and humiliate Evans for the content and viewpoint of her speech, and to cause her great emotional distress. The conduct of Defendants was conspiratorial, malicious,

---

[1] Of course black lives matter. All lives matter. But one of the published tenets of the (Marxist) organization Black Lives Matter was the destruction of the nuclear family – pure Communism - and the most idiotic goal that could be uttered by someone who actually cares about "black lives."

9

calculated, intentional, and in reckless disregard of Evans' constitutional rights, all with the purpose to remove people of her ilk from the school setting.

4.27 The conduct of Defendants violated Evans' clearly established federal constitutional and statutory rights, as well as her clearly established rights under the law of Ohio.

4.28 The conduct of Defendants violated Evans' clearly established federal constitutional and statutory rights, as well as her clearly established rights under the law of Ohio.

4.29 All of the Defendants were state actors who acted under color of law.

4.30 The acts and omissions of Defendants exceeded the bounds of decency in a civilized society.

## FIRST CLAIM FOR RELIEF
**First Amendment: Violations of Content and Viewpoint Neutrality**

5.1 Plaintiff hereby incorporates paragraphs one through 4.30 as though fully restated here and further states the following.

5.2 The conspiratorial and concerted conduct of Defendants Iceman, Starner, and Kim to force the termination of Evans' employment was a content-based and a viewpoint-based restriction on her lawful speech in violation of her rights under the First and Fourteenth Amendment to the U.S. Constitution, thereby giving rise to a claim for money damages under 42 U.S.C. §1983.

10

## SECOND CLAIM FOR RELIEF
### First Amendment Retaliation

6.1  Plaintiff hereby incorporates paragraphs one through 5.2 as though fully restated here and further states the following.

6.2  The conspiratorial and concerted conduct of Defendants Iceman, Starner, and Kim to force the termination of Evans' employment was done in retaliation for Evans' lawful and protected speech to a student, speech which conflicted with Defendants' illegitimate goals of indoctrinating students in leftist ideologies. Having no other grounds for terminating Evans' employment, the conduct of Defendants constituted First Amendment retaliation in violation of Evans' rights under the First and Fourteenth Amendment to the U.S. Constitution, thereby giving rise to a claim for money damages under 42 U.S.C. §1983.

## THIRD CLAIM FOR RELIEF
### Equal Protection Violation

7.1  Plaintiff hereby incorporates paragraphs one through 6.2 as though fully restated here and further states the following.

7.2  The conspiratorial and concerted conduct of Defendants in discriminating against Evans based on the content and viewpoint of her speech deprived her of equal protection of the laws and equal privileges and immunities under the laws in violation of Evans' rights under the Fourteenth Amendment to the U.S. Constitution, all of which gives rise to a claim for money damages under 42 U.S.C. §1983.

## FOURTH CLAIM FOR RELIEF
### Due Process Violation and Claim For Reinstatement

8.1 Plaintiff hereby incorporates paragraphs one through 7.2 as though fully restated here and further states the following.

8.2 Evans was constructively terminated from her position without cause and without the kind of notice and opportunity for witnesses that due process requires, all in violation of public policy and in violation of her constitutional rights. Evans was thus deprived of liberty and property interests without due process of law, all of which gives rise to a claim for money damages under 42 U.S.C. §1983.

## FIFTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

9.1 Plaintiff hereby incorporates paragraphs one through 8.2 as though fully restated here and further states the following.

9.2 The conduct of Defendants as described in this complaint was outrageous, was intended to cause Evans great emotional distress and did cause Evans great emotional distress, as described in Paragraph 4.19 above, all of which gives rise to a claim for money damages under Ohio law for the intentional infliction of emotional distress.

**WHEREFORE**, Plaintiff Antoinette Evans prays for the following relief:

A. Nominal damages against all Defendants for the constitutional and statutory damages alleged herein;

B. Compensatory damages against all Defendants in an amount to be determined at trial; EXCEEDING $25,000.00

C. Punitive damages against all Defendants in an amount to be determined at trial;

D. Injunctive relief reinstating Evans to her position at Liberty High School;

E. Reasonable attorney fees and costs of this litigation under 42 U.S.C. §1988;

F. Any such other relief, both legal and equitable, to which he may be entitled.

Respectfully submitted,

*Thomas W. Condit*
Thomas W. Condit (0041299)
P.O. Box 12700
Cincinnati, Ohio 45212
Tel: (513) 284-9260
Fax: (513) 731-7230 (fax)
Email: twcondit@fuse.net
**Trial Attorney For Plaintiff**

## JURY DEMAND

Plaintiff Antoinette Evans hereby demands a trial by jury on all issues raised herein.

*Thomas W. Condit*
Thomas W. Condit, Attorney